**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |  |
|---|---|---|
| VALMONT INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | JURY DEMAND |
| BETTER METAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Valmont Industries, Inc. ("**Valmont**" or "**Plaintiff**") for its Complaint against Defendant Better Metal, LLC ("**Better Metal**" or "**Defendant**"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of U.S. Patent Nos. 10,316,511 ("**the '511 Patent**"), 10,968,623 ("**the '623 Patent**"), 10,590,641 ("**the '641 Patent**") and 11,274,435 ("**the '435 Patent**") (collective "**Valmont Patents**") arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, from Defendant's unauthorized manufacture, use, offer for sale, sale, and/or importation into the United States of devices that infringe one or more claims of the Valmont Patents. As set forth herein, Plaintiff brings this action to recover all damages associated with Defendant's infringement of the Valmont Patents, including Plaintiff's attorneys' fees and costs, and to enjoin Defendant from infringing the Valmont Patents.

## PARTIES

2.     Plaintiff is a Delaware corporation with a principal place of business at 15000 Valmont Plaza, Omaha, NE 68154.

3.     Defendant is a Tennessee limited liability company with a principal place of business at 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendant. Defendant has a principal place of business in this district at 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 and Defendant has committed the wrongful acts alleged herein in the Middle District of Tennessee, including offering for sale and selling devices that infringe the Valmont Patents from its 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 location.

7.     Venue is also proper in the Middle District of Tennessee under 28 U.S.C. § 1391 and 1400(b). As set forth above, Defendant has a principal place of business in this district at 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 and Defendant has committed the wrongful acts alleged herein in the Middle District of Tennessee, including offering for sale and selling devices that infringe the Valmont Patents from its 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 location. Thus, a substantial part of the events giving rise to Plaintiff's infringement claim occurred in Middle District of Tennessee.

## PLAINTIFF AND THE VALMONT PATENTS

8. Plaintiff is a Delaware corporation headquartered in Omaha, Nebraska that, *inter alia*, engineers, manufactures and sells a broad range of wireless site components under the Site Pro 1 brand.

9. Plaintiff's mission is to develop and deliver innovative solutions that help its customers achieve faster site approval and improved wireless network performance.

10. In connection with its mission, Plaintiff has developed valuable intellectual property rights, including the Valmont Patents.

11. On June 11, 2019, the United States Patent and Trademark Office ("**USPTO**") duly and legally issued the '511 Patent, entitled "Bolt Calibrated Angle Mainstay For Tower Construction And Method For Use" after a full and fair examination. A true and correct copy of the '511 Patent is attached as **Exhibit 1**.

12. Plaintiff owns the entire right, title, and interest in and to the '511 Patent, possesses the right to sue for infringement of the '511 Patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

13. On April 6, 2021, the USPTO duly and legally issued the '623 Patent, entitled "Bolt Calibrated Angle Mainstay For Tower Construction And Method For Use" after a full and fair examination. A true and correct copy of the '623 Patent is attached as **Exhibit 2**.

14. Plaintiff owns the entire right, title, and interest in and to the '623 Patent, possesses the right to sue for infringement of the '623 Patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

15. On March 17, 2022, the USPTO duly and legally issued the '641 Patent, entitled "Bolt Calibrated Angle Mainstay For Tower Construction And Method For Use" after a full and fair examination. A true and correct copy of the '435 Patent is attached as **Exhibit 3**.

16. Plaintiff owns the entire right, title, and interest in and to the '641 Patent, possesses the right to sue for infringement of the '641 Patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

17. On March 15, 2022, the USPTO duly and legally issued the '435 Patent, entitled "Bolt Calibrated Angle Mainstay For Wall Connection System And Method For Use" after a full and fair examination. A true and correct copy of the '435 Patent is attached as **Exhibit 4**.

18. Plaintiff owns the entire right, title, and interest in and to the '435 Patent, possesses the right to sue for infringement of the '435 Patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

## DEFENDANT'S INFRINGING BRACKETS AND ANTENNA MOUNTS

19. Upon information and belief, Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States the attachments shown on page C-6 of **Exhibit 5**, including, without limitation, the "Tower Leg Attachment" and "V-Mount for Lattice Tower Attachment" ("**Accused Product**").

20. Plaintiff recently learned that the Accused Product was installed at an AT&T cell site in Houston, TX.  *See* **Exhibit 5**.

21. The Accused Product infringes at least Claim 1 of each of the Valmont Patents.

22. Defendant's actions have been without the authorization, permission, or consent of Plaintiff.

23.     On or about May 30, 2023, Plaintiff sent Defendant a letter demanding that it cease and desist its infringing conduct.  Defendant did not respond, and Defendant continues to infringe the Valmont Patents.  Defendant's infringement constitutes willful infringement.

## COUNT I

### (Infringement of the '511 Patent)

24.     Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs.

25.     The activities of Defendant in making, using, offering to sell, and/or selling in the United States and/or importing into the United States the Accused Product constitutes direct infringement of at least claim 1 of the '511 Patent, in violation of 35 U.S.C. § 271(a).

26.     Defendant has indirectly infringed and continues to indirectly infringe the '511 Patent, in violation of 35 U.S.C. § 271(b) and (c), by actively inducing and/or contributing to direct infringement of the '511 Patent by its customers. Defendant has engaged in such inducement and/or contributory infringement having knowledge of the '511 Patent. Defendant also knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

27.     Defendant has knowledge of its infringement of the '511 Patent and thus their direct and indirect infringement of the '511 Patent has been knowing and intentional. Further, Defendant has had knowledge of their direct and indirect infringement of the '511 Patent at least as early as May 30, 2023, and thus their infringement has been and continues to be knowing and intentional.

28.     As a direct and proximate result of the infringement of the '511 Patent by Defendant, Plaintiff has been and continues to be damaged.

29.     The infringement of the '511 Patent by Defendant has caused irreparable injury to Plaintiff, to which there exists no adequate remedy at law, and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

30.     The infringement of the '511 Patent by Defendant has been, and is, willful, deliberate, and/or in conscious disregard of Plaintiff's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiff to an award of its attorney's fees and treble damages.

## COUNT II

### (Infringement of the '623 Patent)

31.     Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs.

32.     The activities of Defendant in making, using, offering to sell, and/or selling in the United States and/or importing into the United States the Accused Product constitutes direct infringement of at least claim 1 of the '623 Patent, in violation of 35 U.S.C. § 271(a).

33.     Defendant has indirectly infringed and continues to indirectly infringe the '623 Patent, in violation of 35 U.S.C. § 271(b) and (c), by actively inducing and/or contributing to direct infringement of the '623 Patent by its customers. Defendant has engaged in such inducement and/or contributory infringement having knowledge of the '623 Patent. Defendant also knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

34.     Defendant has knowledge of its infringement of the '623 Patent and thus their direct and indirect infringement of the '623 Patent has been knowing and intentional. Further, Defendant

has had knowledge of their direct and indirect infringement of the '623 Patent at least as early as May 30, 2023, and thus their infringement has been and continues to be knowing and intentional.

35.    As a direct and proximate result of the infringement of the '623 Patent by Defendant, Plaintiff has been and continues to be damaged.

36.    The infringement of the '623 Patent by Defendant has caused irreparable injury to Plaintiff, to which there exists no adequate remedy at law, and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

37.    The infringement of the '623 Patent by Defendant has been, and is, willful, deliberate, and/or in conscious disregard of Plaintiff's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiff to an award of its attorney's fees and treble damages.

## COUNT III

### (Infringement of the '641 Patent)

38.    Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs.

39.    The activities of Defendant in making, using, offering to sell, and/or selling in the United States and/or importing into the United States the Accused Product constitutes direct infringement of at least claim 1 of the '641 Patent, in violation of 35 U.S.C. § 271(a).

40.    Defendant has indirectly infringed and continues to indirectly infringe the '641 Patent, in violation of 35 U.S.C. § 271(b) and (c), by actively inducing and/or contributing to direct infringement of the '641 Patent by its customers. Defendant has engaged in such inducement and/or contributory infringement having knowledge of the '641 Patent. Defendant also knew or

should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

41. Defendant has knowledge of its infringement of the '641 Patent and thus their direct and indirect infringement of the '641 Patent has been knowing and intentional. Further, Defendant has had knowledge of their direct and indirect infringement of the '641 Patent at least as early as May 30, 2023, and thus their infringement has been and continues to be knowing and intentional.

42. As a direct and proximate result of the infringement of the '641 Patent by Defendant, Plaintiff has been and continues to be damaged.

43. The infringement of the '641 Patent by Defendant has caused irreparable injury to Plaintiff, to which there exists no adequate remedy at law, and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

44. The infringement of the '641 Patent by Defendant has been, and is, willful, deliberate, and/or in conscious disregard of Plaintiff's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiff to an award of its attorney's fees and treble damages.

## COUNT IV

### (Infringement of the '435 Patent)

45. Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs.

46. The activities of Defendant in making, using, offering to sell, and/or selling in the United States and/or importing into the United States the Accused Product constitutes direct infringement of at least claim 1 of the '435 Patent, in violation of 35 U.S.C. § 271(a).

47.     Defendant has indirectly infringed and continues to indirectly infringe the '435 Patent, in violation of 35 U.S.C. § 271(b) and (c), by actively inducing and/or contributing to direct infringement of the '435 Patent by its customers. Defendant has engaged in such inducement and/or contributory infringement having knowledge of the '435 Patent. Defendant also knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

48.     Defendant has knowledge of its infringement of the '435 Patent and thus their direct and indirect infringement of the '435 Patent has been knowing and intentional. Further, Defendant has had knowledge of their direct and indirect infringement of the '435 Patent at least as early as May 30, 2023, and thus their infringement has been and continues to be knowing and intentional.

49.     As a direct and proximate result of the infringement of the '435 Patent by Defendant, Plaintiff has been and continues to be damaged.

50.     The infringement of the '435 Patent by Defendant has caused irreparable injury to Plaintiff, to which there exists no adequate remedy at law, and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

51.     The infringement of the '435 Patent by Defendant has been, and is, willful, deliberate, and/or in conscious disregard of Plaintiff's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiff to an award of its attorney's fees and treble damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendant as follows:

A.      Declaring that Defendant has directly infringed the '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent literally and/or under the Doctrine of Equivalents;

B.      Declaring that Defendants have induced infringement of the '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent;

C.      Declaring that Defendant have contributed to the infringement of the '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent;

D.      Declaring that Defendant's infringement of '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent is intentional;

E.      Awarding Plaintiff damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiff for Defendant's infringement of the '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent and any continuing or future infringement thereof in an amount not less than a reasonable royalty;

F.      Awarding Plaintiff pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. § 284;

G.      Awarding Plaintiff treble damages in accordance with 35 U.S.C. § 284, and Plaintiff's attorneys' fees incurred in this litigation pursuant to 35 U.S.C. § 285;

H.      Temporarily, preliminarily, and permanently enjoining Defendant, its affiliates, subsidiaries, and each of their members, officers, agents, servants, and employees, and those acting in privity or concert with any of them, until after the expiration date of the '655 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled, from: (a) making, using, offering to sell, or selling in the United

States, or importing into the United States, the Accused Product or any colorable imitation thereof; (b) making, using, offering to sell, or selling in the United States, or importing into the United States, any component of the Accused Product that constitutes a material part of the inventions claimed by the '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent; (c) making, using, offering to sell, or selling in the United States, or importing into the United States, or any other device that infringes '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent; and (d) practicing or encouraging others to practice any method that infringes '511 Patent, the '623 Patent, the '641 Patent and/or the '435 Patent; and

I. Awarding such further relief as this Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of November 2023.

POLSINELLI P.C.

*/s/ Mozianio S. Reliford, III*
Mozianio S. Reliford, III, (Tenn. Bar. No. #36170)
501 Commerce Street, Suite 1300
Nashville, TN 37203
Tel: (615) 259-1510
Email: treliford@polsinelli.com

*/s/ John R. Posthumus (pro hac vice forthcoming)*
John R. Posthumus
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Tel: (303) 572-9300
FAX: (303) 572-7883
Email: jposthumus@polsinelli.com

Plaintiff's Address:
15000 Valmont Plaza
Omaha, NE 68154

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, I presented the foregoing COMPLAINT AND

JURY DEMAND with the Clerk of Court using the CM/ECF system, and sent a true and exact

copy via U.S. Mail to Defendant as follows:

Better Metal, LLC
c/o Registered Agent, David Lynn Stansberry, Sr.
6776 Old Nashville Highway
Murfreesboro, Tennessee 37219-8400

Defendant is also being served at the above address through a private process server.

*/s/ Mozianio S. "Trey" Reliford III*
Mozianio S. "Trey" Reliford III